**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIBAN A.D., | Civil Action No. 18-6023 (ES) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| ORLANDO RODRIGUEZ, | |
| Respondent. | |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. Petitioner Liban A.D. ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Elizabeth Detention Center in Elizabeth, New Jersey. On April 10, 2018, while he was detained, Petitioner filed the instant petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pursuant to 8 U.S.C. § 1226(c), pending removal. (D.E. No. 1, Petition ("Pet")).

2. Petitioner is a native and citizen of Somalia, who entered the United States in 1990, as a visitor who was not to exceed his stay in the United States for more than six months. (D.E. No. 6, Respondent's Answer ("Answer") at 6).[1]

3. On October 6, 2017, ICE took Petitioner into custody.[2] (*Id.* at 6).

---

[1] Respondent refers to Petitioner as "Charles Abela" in the introductory sentence of its answer, however the caption and other references to Petitioner refer to Petitioner's accurate name.

[2] Petitioner was served with a Notice to Appear, charging him with being removable from the United States pursuant to Section 237 (a)(2)(A)(ii) of the Immigration and Nationality Act ("the Act") for conviction for an aggravated felony as defined in Section 101(a)(43)(B) of the Act, an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act, including a trafficking crime, as defined in section 924(c) of Title 18, United States Code; Section 237(a)(2)(iii) of the Act, as amended, in that, at any

4. On November 20, 2017, an Immigration Judge ("IJ") held a master calendar hearing that was adjourned to January 8, 2018, to allow Petitioner time to prepare and file an asylum application. (D.E. No. 6-2 at 2).

5. On January 8, 2018, Petitioner's master calendar hearing was adjourned to February 5, 2018, because Petitioner's counsel failed to appear. (*Id.*).

6. On February 5, 2018, Petitioner filed an application for asylum, withholding of removal and protection under the Convention Against Torture. (*Id.*). Petitioner appeared for an individual calendar hearing that was adjourned to March 8, 2018. (*Id.*).

7. Petitioner's next two hearings were adjourned to allow for the scheduling of a priority case and because Petitioner's Department of Homeland Security file was missing. (*Id.*).

8. On May 3, 2018, Petitioner appeared for an individual hearing. That hearing was adjourned to June 28, 2018, to allow Petitioner time to prepare. (*Id.* at 2-3).

9. In Petitioner's instant Petition for a Writ of Habeas Corpus, he argues that he "is not a flight risk or threat to the community." (D.E. No. 1 at 7). Petitioner requests that this Court order his release on supervision or alternatively order a bond hearing. (*Id.*).

10. Respondent acknowledges that Petitioner has been in immigration custody since October 2017, but argues that because he is detained pursuant to 8 U.S.C. § 1226(c), he is subject to lawful mandatory detention. (Answer at 22). Moreover, Respondent submits that Petitioner is being detained "to assure his attendance at removal proceedings, to protect the community

---

time after admission, he was convicted of an aggravated felony as defined in section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an offense described in section 101 (a) 43) of the Act; Section 237(a)(2)(B)(i) of the Act, as amended, in that, at any time after admission, he was convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802, other than a single offense involving possession for one's own use of 30 grams or less of marijuana. (D.E. No. 6-1 at 2-3).

against any more crimes committed by him, and, if necessary to assure his removal from the United States." (*Id.* at 23).

11. Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

12. The Court has subject matter jurisdiction over this Petitioner under § 2241, because Petitioner was detained within its jurisdiction by a custodian within its jurisdiction, at the time he filed his petition. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-95, 500 (1973).

13. In 2018, the United States Supreme Court in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), held that the Ninth Circuit Court of Appeals erred by interpreting an implicit six-month limitation on detention pursuant to § 1226(c) absent a bail hearing. *Jennings* essentially abrogated the Third Circuit Court of Appeals' decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011) and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), which read implicit time limitations into statutes such as § 1226(c). The *Jennings* Court explained,

> [Section] 1226 applies to aliens already present in the United States. Section 1226(a) creates a default rule for those aliens by permitting- but not requiring- the Attorney General to issue warrants for their arrest and detention pending removal proceedings. Section 1226(a) also permits the Attorney General to release those aliens on bond, "[e]xcept as provided in [§ 1226 (c)]." Section 1226(c) states that the Attorney General "shall take into custody any alien" who

3

falls into one of the enumerated categories involving criminal offenses and terrorist activities. 8 U.S.C. § 1226(C)(1). Section 1226(c) then goes on to specify that the Attorney General "may release" one of those aliens "only if the Attorney General decides" both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk. § 1226(c)(2) (emphasis added).

[Section] 1226(c) does not on its face limit the length of the detention it authorizes. In fact, by allowing aliens to be released "only if" the Attorney General decides that certain conditions are met, § 1226(c) reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those recognized by the statute. And together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope must continue "pending a decision on whether the alien is to be removed from the United States." § 1226(a).

. . . the Court of Appeals held [] that § 1226(c) should be interpreted to include an implicit . . . time limit on the length of mandatory detention . . . [T]hat interpretation falls far short of a plausible statutory construction.

In defense of th[is] statutory reading, respondents first argue that § 1226(c)'s "silence" as to the length of detention "cannot be construed to authorize prolonged mandatory detention, because Congress must use 'clearer terms' to authorize 'long-term detention.'" . . . But § 1226(c) is not "silent" as to the length of detention. It mandates detention "pending a decision on whether the alien is to the removed from the United States," § 1226(a), and it expressly prohibits release from detention except for narrow, witness-protection purposes. Even if courts were permitted to fashion . . . time limits out of statutory silence, they certainly may not transmute existing statutory language into its polar opposite. The constitutional -avoidance canon does not countenance such textual alchemy.

Indeed, we have held as much in connection with § 1226(c) itself. In *Demore v. Kim*, 537 U.S. [at 529,] we distinguished § 1226(c) from the statutory provision in *Zadvydas* by pointing out that detention under § 1226(c) has "a definite termination point": the conclusion of removal proceedings. As we made clear there, that "definite determination point" – and not some arbitrary time limit devised by the courts- marks the end of the Government's detention authority under § 1226(c).

> Respondents next contend that § 1226(c)'s limited authorization for release for witness-protection purposes does not imply that other forms of release are forbidden, but this argument defies the statutory text. By expressly stating that the covered aliens may be released "only if" certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative prohibition on releasing detained aliens under any other conditions.
>
> . . . .
>
> We hold that § 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings "only if" the alien is released for witness-protection purposes.

*Id.* at 846-47.

14. Section 1226(c) authorizes and mandates detention throughout a petitioner's removal proceedings so long as he is not placed into witness protection. *See Jennings*, 138 S. Ct. at 846-47. Petitioner is only entitled to relief from his ongoing immigration detention pending the conclusion of his proceedings before the BIA if he were to show that the application of the statute to him is unconstitutional under the circumstances. *See, e.g., Dryden v. Green*, No. 18-2686, 2018 WL 3062909, at *3-4 (D.N.J. June 21, 2018).

15. Petitioner's current period of immigration detention has lasted approximately eighteen months.

16. Despite the multiple court adjournments throughout the procedural history of Petitioner's case, it appears that only two adjournments were due to Petitioner's need to prepare. The record does not reflect that Petitioner abused his requests for continuances. *See Dryden*, 2018 WL 3062909 at *5 (post-*Jennings* opinion denying bond hearing citing to Petitioner's "self-inflicted delays, and the lack of any bad faith or unreasonable action on the part of the Government") In the absence of any indication of delay tactics on the part of the Petitioner, it

appears that his ongoing detention has become so unreasonably long as to amount to a denial of due process. *See Thomas C.A. v. Green*, No. 18-1004, 2018 WL 4110941 (D.N.J. Aug. 29, 2018) (post-*Jennings* opinion granting bond hearing to § 1226(c) immigration detainee held for fifteen months.); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631 (D.N.J. Aug. 7, 2018) (post-*Jennings* opinion granting bond hearing to § 1226(c) immigration detainee held for nineteen months.); *see also Vega v. Doll*, No. 17-1440, 2018 WL 3765431 (M.D. Pa. July 11, 2018) (post-*Jennings* opinion granting bond hearing to § 1226(c) immigration detainee held for twenty months.) This Court will therefore grant Petitioner's habeas petition and order that an immigration judge provide Petitioner with a bond hearing within ten days of when this opinion and order are filed.[3]

17. At that hearing, "the Government [will be required] to produce individualized evidence that [Petitioner's] continued detention was or is necessary" to further the goals of § 1226(c)—specifically that Petitioner presents neither a danger to the community nor a flight risk. *See Chavez-Alvarez*, 783 F.3d at 477-78 (3d Cir. 2015). An appropriate order follows.

*s/ Esther Salas*  
**Esther Salas, U.S.D.J.**

---

[3] In the alternative, Petitioner requests that he be released. (D.E. No. 1 at 7). The Court, however, is not authorized to grant such relief. The Third Circuit Court of Appeals has repeatedly held that a bond hearing, not release, is the appropriate relief for immigration detainees such as Petitioner challenging their prolonged detention. *See Diop*, 656 F.3d 221, *see also Chaves-Alvarez*, 783 F.3d 469.